```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ST. PAUL FIRE & MARINE INSURANCE    :   CIVIL ACTION
CO.,                                :
                                    :
        Plaintiff,                  :   NO. 06-CV-4565
                                    :
    v.                              :
                                    :
JAMES P. RHEIN,                     :
                                    :
        Defendant.                  :
```

**MEMORANDUM AND ORDER**

**Joyner, J.**                                            **April 24, 2007**

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Declaratory Judgment Complaint for Lack of Subject Matter Jurisdiction pursuant to Fed. R. Civ. P. Rule 12(b)(1) (Doc. No. 2).[1]  For the reasons given below, the Court denies Defendant's Motion to Dismiss.

**Background**

Defendant, James P. Rhein ("Rhein" or "Defendant"), is a police officer in the Falls Township Police Department ("FTPD"),

---

[1] We note that Defendant filed this motion pursuant to Fed. R. Civ. P. 12(h)(3) ("Rule 12(h)").  This was improper.  Rule 12(h) sets forth the defenses and objections that are waived if not properly asserted in a Rule 12 motion or answer, as well as those defenses and objections that are not waivable.  Rule 12(b), however, provides the seven enumerated defenses that may be asserted by motion, including a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) or improper venue pursuant to Rule 12(b)(3). See, e.g., Wright & Miller, Federal Practice & Procedure, Vol. 12B at 213, 282.
    On a related note, although Defendant's motion is arguably better characterized as a 12(b)(3) motion to dismiss for improper venue, rather than a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court omits any discussion as to which is the better procedural description because it has no effect on the Court's resolution of this motion.

Bucks County, Pennsylvania. Falls Township maintains an insurance policy with Plaintiff, St. Paul Fire & Marine Insurance Co. ("St. Paul" or "Plaintiff"), which provides insurance coverage for the FTPD vehicles, including uninsured and underinsured coverage. Defendant seeks underinsured motorist ("UIM") benefits under the Falls Township policy as a result of an accident that occurred on November 3, 2001.

That day, Defendant was on-duty in Falls Township when he stopped a car for speeding. Defendant pulled his police cruiser behind the offending vehicle, exited to check the driver's license, registration, and was intending to issue a ticket. In the process of getting information from the driver, the stopped vehicle began to back up towards Defendant's police cruiser. Defendant tried to restrain the vehicle but his arm became caught and he was dragged along the road. The offending vehicle rammed his police cruiser, and Defendant suffered injuries to his arm.

Some years later (in approximately June, 2006), Defendant filed suit against the owner and operator of the offending vehicle in the Bucks County Court of Common Pleas for the injuries he had suffered as a result of the vehicle stop. "[That] civil suit was resolved amicably[, however,] when the insurance carrier for the offending vehicle, Liberty Mutual, tendered their $50,000.00 bodily injury policy limits on behalf of their insureds." Defendant's Memorandum in Support of the Motion to Dismiss ("D. Memo.") at 2.

2

Subsequently, Defendant filed a claim for UIM coverage against Plaintiff and demanded arbitration pursuant to the terms of the policy between Plaintiff and Falls Township. See Id.; Exh. 1, Letter from Christopher Brill to Plaintiff at 1 (requesting arbitration to resolve all issues, including coverage and damages).

With respect to arbitration, the policy provides:

Either we or any protected person can make a written demand for arbitration if agreement can't be reached on:

- whether that person is legally entitled to collect damages from the owner or driver of an underinsured vehicle; or

- the amount of damages.

If arbitration is demanded, each of us will choose one arbitrator.  These two arbitrators will choose a third.  If they can't agree on a third arbitrator within 30 days, either arbitrator can request a judge or a court in the state where the arbitration is to be held to select a third.  We and the protected person will each pay our own expenses and share the expenses of the third arbitrator equally.

Unless we both agree otherwise, arbitration will take place in the county where the protected person lives. Local law will apply to evidence and arbitration procedures.  A decision agreed to by two of the arbitrators will be binding.

Plaintiff's Response to Defendant's Motion to Dismiss, Exh. A, "Insurance Agreement" at 5-6.

On October 11, 2006, Plaintiff filed a declaratory judgment action in this Court challenging Defendant's UIM claim and sought a declaration that Defendant's injuries were not covered by the Falls Township insurance policy. In response, Defendant filed this

3

Motion to Dismiss pursuant to Rule 12(b)(1) claiming that arbitration is the designated forum for resolution of this dispute according to the specific provisions of the insurance policy.

### **The Dispute**

Plaintiff argues that based on the language of the arbitration provision, issues concerning whether a claim is covered under the insurance policy is not a matter designated for arbitration. See Plaintiff's Reply to Defendant's Motion to Dismiss ("P. Rep.") at 2-3.  Plaintiff avers that the arbitration provision only applies to (1) fault, or (2) amount of damages disputes and not coverage disputes.  See, id., at 3 (citing Corley v. Infinity Leader Ins. Co., Inc., 113 Fed. Appx. 478 (3d Cir. 2004)(unpublished)).

In *Corley*, the plaintiff - Corley - was injured when she fell off the back of her husband's motorcycle. See, id., at 479.  She filed a claim with Infinity for uninsured motorist coverage pursuant to a policy issued to her husband.  Her husband's insurance policy, however, listed only a 1969 Chevy truck, and not a motorcycle as being covered.  As a result, Infinity denied Corley's claim on the grounds that the motorcycle involved in the accident was not covered by the policy issued to her husband. Corley insisted that she was covered by the policy and requested arbitration to resolve the dispute.  Infinity refused arbitration, which led to Corley filing suit in federal court.  Infinity moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6); the

district court granted its motion.

On appeal, Corley claimed Infinity's refusal to arbitrate the coverage dispute constituted bad faith. See, id., at 482. Under the policy issued by Infinity, arbitration was not required unless a disagreement arose as to "(1) whether the insured [was] legally entitled to recover damages from an owner of an underinsured vehicle, or (2) the amount of damages." See id. The Third Circuit held that the dispute fell outside the arbitration provision because neither fault nor damages were at issue. Rather, the question was one of coverage under the insurance policy, which the arbitration provision did not identify as an arbitrable issue. See, id.

Based on the similarity between the arbitration provisions in *Corley* and this case, and the Third Circuit's analysis therein, Plaintiff argues that the present coverage dispute should be resolved by this Court, and not through arbitration. See, P. Rep. at 2-3.

Defendant argues the issue raised in Plaintiff's declaratory action is subject to arbitration according to the terms of the insurance policy and applicable case law. See, D. Memo. at 3-4. In support of his position, Defendant relies on the Pennsylvania Supreme Court's decision in Brennan v. Gen. Accident Fire & Life Assurance Corp., 574 A.2d 580 (Pa. 1990), and a recent case from this district, Wausau Ins. Co., v. Liguori, 2006 U.S. Dist. LEXIS

5

64392 (E.D. Pa., September 7, 2006). Both cases involved coverage disputes arising out of claims filed for underinsured motorist benefits based on polices that had virtually identical arbitration provisions. In <u>Brennan</u> the policy provides:

> If we and the covered person disagree whether that person is legally entitled to recover damages from the owners or operator of an underinsured motor vehicle, or do not agree as to the amount of damages, either party may make a written demand for arbitration.

<u>Brennan</u>, 574 A.2d at 582.

In <u>Wausau</u>:

> If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages, either party may make a written demand for arbitration.

<u>Wausau</u>, 2006 U.S. Dist. LEXIS 64392, at *3.

Defendant urges this Court to follow <u>Brennan</u>, where the Pennsylvania Supreme Court interpreted the arbitration provision broadly and held there was "no limit to the jurisdiction of the arbitrators over what issues may be submitted. . . ." 574 A.2d at 583. This conclusion was buttressed by the fact that the policy stated elsewhere that all disputes between the insurance company and the insured were subject to arbitration. <u>See</u>, <u>id</u>. Defendant notes that the <u>Wausau</u> court reached the same conclusion in interpreting a virtually indistinguishable provision. That court, citing to <u>Brennan</u>, found no language in the arbitration clause that would prohibit coverage issues from being resolved through

arbitration.  See Wausau, 2006 U.S. Dist. LEXIS 64392, at *21-23.

Defendant concludes that the arbitration provision in the Falls Township policy most closely resembles those analyzed in Brennan and Wausau and, following those cases, should be interpreted to permit arbitration of the present coverage dispute.

## **Standard of Review**

According to Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if it lacks subject matter jurisdiction over the case.  Fed. R. Civ. P. 12(b)(1).  The party claiming that jurisdiction is proper bears the burden of establishing that jurisdiction exists.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 128 L. Ed. 2d 391 (1994).  In ruling on a Rule 12(b)(1) motion, a district court may consider evidence that is outside the pleadings.  Makarova v. United States, 201 F.3d 110, 113 (3d Cir. 2000).

When evaluating a motion to dismiss, the court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the nonmoving party."  Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).

## **Legal Analysis**

In Pennsylvania, "[w]hen one party to an agreement seeks to enjoin the other from proceeding to arbitration, judicial inquiry

is limited to the question of '(1) whether an agreement to arbitrate was entered into and (2) whether the dispute comes within the ambit of the arbitration provision.'" Messa v. State Farm Ins. Co., 641 A.2d 1167, 1168 (Pa. Super. 1994). Our focus is on the second question. In interpreting the language of the Falls Township policy, the court must "look to the words of the agreement in order to determine the parties' intent." State Farm Mut. Auto. Ins. Co. v. Coviello, 233 F.3d 710, 717 (3d Cir. 2000). "[W]e are bound to give effect to clear and unambiguous language" and "are not at liberty to rewrite an insurance contract, or to construe clear and unambiguous language to mean something other than what it says." Id. (internal citations omitted).

Initially, this Court has some reservations whether the arbitration provision in the Falls Township policy applies to the Defendant's claim for UIM benefits. The provision's introductory language provides: "The Appraisal of Property Disputes section of the General Rules is replaced by the following. But only for this agreement." (Insurance Agreement at 5-6). This suggests that the arbitration provision exists as a substitution for another policy provision that deals exclusively with the appraisal of property disputes.[2] Here, Defendant's claim for UIM benefits stems from

---

[2] Defendant included two pages of the Falls Township insurance policy as an attachment to his Motion to Dismiss. This excerpt did contain the arbitration provision in question but failed to provide any reference to the "Appraisal of Property Disputes section" discussed therein.

personal injuries, not property damage.  If the arbitration provision is limited at the outset to property disputes, Defendant's motion could be denied outright as the provision has no effect on his claim.  While this question is worthy of consideration, the Court's decision to deny Defendant's motion is based on an alternative ground: the scope of the arbitration provision.

As stated above, the arbitration provision in the Falls Township policy allows each party to demand arbitration if agreement cannot be reached on: (1) whether the protected person (the insured) is legally entitled to collect damages from the owner or driver of an underinsured vehicle; or (2) the amount of damages. (Insuring Agreement at 5-6).  In other words, there must be a dispute over Defendant's legal ability to collect damages *from the underinsured driver* claimed to have caused his injuries, or the amount of those damages.  The former is a question of fault or liability and the latter one of amount, and the clause thus pre-supposes that coverage is provided.

The dispute between Plaintiff and Defendant in this case concerns neither fault nor amount of damages, but rather coverage. The parties contest whether Defendant at the time of his injury was engaged in the type of conduct covered by the township's policy.[3]

---

[3] Pursuant to the policy, coverage is only available for bodily injury under the UIM benefits if Defendant's injuries "arise out of the use of his police cruiser."  Individuals protected under the policy must be in a covered

Neither party questions Defendant's ability to collect damages from the underinsured motorist. Thus, coverage disputes clearly fall outside the scope of the arbitration provision.

Surprisingly, in arguing this motion, neither party discussed the Third Circuit decision in State Farm Mutual Automobile Ins. Co. v. Coviello, 233 F.3d 710 (3d Cir. 2000), which the Court finds persuasive. In Coviello, the Third Circuit interpreted a similar arbitration provision to determine whether it encompassed coverage disputes. Id. at 711. The provision read:

> **Section III – Uninsured Motor Vehicle and Underinsured Motor Vehicle Coverage**
>
> . . . .
>
> **Deciding Fault and Amount – Coverages U, U3, W and W3**
>
> Two questions must be decided by agreement between the insured and us:
>
>   (1) Is the insured legally entitled to collect compensatory damages from the owner or driver of an uninsured motor vehicle or underinsured motor vehicle; and
>
>   (2) If so, in what amount?
>
> If there is no agreement, these two questions shall be decided by arbitration at the request of the insured or us. The arbitrator's decision shall be limited to these two questions.

---

auto. The policy further provides that "[i]n an auto includes on the auto, getting in or out or off of it." (Pl. Compl. at 2).

Id. at 717. Despite Coviello's arguments that the above provision should be broadly read to include coverage disputes, the court held the provision was expressly limited to two areas of disagreement, i.e., fault and amount of damages. Id. at 718-19. In so holding, the court reversed the district court order dismissing State Farm's declaratory judgment action. Id. at 711.

While this Court acknowledges the differences between the arbitration provision found in Coviello and the one in this case, the purpose and effect of the provisions are the same. Both limit the scope of arbitration to only two issues: fault and amount of damages. In crafting its arbitration provision, St. Paul did not use the heading "Deciding Fault and Amount," nor did it include extra language of exclusivity as did State Farm (e.g., "If there is no agreement, these *two questions* shall be decided by arbitration. . . ."). Rather, St. Paul uses more general terms and sets off the two arbitrable issues with bulletpoints. Nevertheless, this stylistic variation should not operate to deprive the Court of jurisdiction in one setting yet grant it in another. What is at issue here is the *content* of the two clauses, not the *formatting*.

Accordingly for the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss.

11

An appropriate order follows.

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ST. PAUL FIRE & MARINE           : CIVIL ACTION
INSURANCE CO.                    :
                                 :
          vs.                    : NO. 06-CV-4565
                                 :
JAMES P. RHEIN                   :
```

**ORDER**

AND NOW, this 24th day of April, 2007, upon consideration of Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)(Doc. No. 2), and Plaintiff's response thereto (Doc. No. 8), it is hereby ORDERED that the Motion is DENIED and Defendant is DIRECTED to file an Answer to Plaintiff's Complaint within twenty (20) days of the entry date of this Order.

                                        BY THE COURT:


                                        /s/ J. Curtis Joyner
                                        J. CURTIS JOYNER,      J.