```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ST. PAUL FIRE & MARINE           :
INSURANCE CO.,                   :         CIVIL ACTION
                                 :
        Plaintiff,               :         06-CV-04565
                                 :
    v.                           :
                                 :
JAMES P. RHEIN,                  :
                                 :
        Defendant.               :
```

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                                **July 28, 2008**

Presently before the Court are the parties' Cross Motions for Summary Judgment. For the reasons set forth below, Plaintiff's Motion will be DENIED, and Defendant's Motion will be GRANTED.

**BACKGROUND**

Plaintiff St. Paul Fire & Marine Insurance Co. filed the instant action for Declaratory Judgment seeking a declaration that it is not obligated to provide underinsured motorist protection coverage to Defendant James P. Rhein under the policy issued to Rhein's employer, Falls Township.  Defendant, a Falls Township police officer, had injured his hand during a routine vehicle stop when the stopped vehicle unexpectedly began to roll backwards.  Plaintiff claims that Defendant was not an occupant

of his insured police cruiser at the time of the accident, and therefore is not covered by Falls Township's policy.

The facts of the case are basically undisputed.  On or about November 3, 2001, Defendant, in the course and scope of his employment, initiated and effected the stop of a vehicle operated by Alexander Agye ("Agye vehicle"), which had been speeding on Lincoln Highway in Falls Township.  At the time the stop was effected, Defendant was operating a Falls Township Police Department cruiser.

After the Agye vehicle had pulled over to the shoulder of the highway, Defendant parked his police cruiser directly behind it.  Leaving the engine running and overhead emergency lights on, Defendant exited his cruiser and approached the driver's side door of the Agye vehicle to request the driver's license, registration, and insurance information.  At some point during the exchange of this information, the Agye vehicle began to move backwards.  Defendant's hand somehow became wedged inside the car door, and was injured as the vehicle rolled backwards and struck the front of Defendant's cruiser.  Subsequently, Defendant brought a claim against the driver Agye, which was settled for the bodily injury limits of Agye's automobile insurance policy.

At the time of the accident, Plaintiff had issued a policy to Falls Township, policy number GP09305224 ("UIM agreement"),

providing protection for accidents involving underinsured motorists. Under the UIM agreement, protected persons include "anyone . . . in a covered auto." Defendant's police cruiser was a vehicle covered by the UIM agreement when the accident occurred. The agreement further defines "in an auto" as including "on the auto, getting in or out of or off of it."

## STANDARD OF REVIEW

Summary judgment is merited "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law of the case will determine which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is precluded when there is a dispute over facts which might affect the outcome of the suit under the governing law. Id. Once the moving party has met its initial burden of showing that no genuine issue of material fact exists, the nonmoving party cannot rely on conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact. Pastore v. Bell Telephone Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994). Instead, the nonmoving party "must make a showing sufficient to establish the existence of every element essential to his case, based on the affidavits

or by the depositions and admissions on file." <u>Harter v. GAF Corp.</u>, 967 F.2d 846, 852 (3d Cir. 1992).

## **DISCUSSION**

When the terms and conditions of an insurance policy are not in dispute, interpretation of the policy's coverage is a question of law. <u>Pacific Indemnity Co. v. Lynn</u>, 766 F.2d 754, 760 (3d Cir. 1985). The Pennsylvania Supreme Court has held that a person who is not physically inside or in contact with a vehicle may nevertheless be considered an occupant of the vehicle as a matter of law when all of the following criteria are met:

> (1) there is a causal relation or connection between the injury and the use of the insured vehicle;
>
> (2) the person asserting coverage must be in a reasonably close geographic proximity to the insured vehicle, although the person need not be actually touching it;
>
> (3) the person must be vehicle oriented rather than highway or sidewalk oriented at the time; and
>
> (4) the person must also be engaged in a transaction essential to the use of the vehicle at the time.

<u>Utica Mutual Insurance Co. v. Contrisciane</u>, 473 A.2d 1005, 1008-09 (Pa. 1984). The policy in <u>Utica</u> defined "occupying" as "in or

4

upon or entering into or alighting from." Id. at 1008.  We find the definition in the instant policy to be sufficiently similar to the policy in Utica to make the test set out in that case applicable.

Plaintiff contends that Defendant fails all four prongs of the Utica test.  We disagree.  Regarding the first prong, there is a clear causal relationship between Defendant's injury and his use of the police cruiser.  A police officer routinely relies upon the use of a police cruiser to monitor speeding violations and effect vehicle stops.  Here, Defendant's use of the cruiser was essential to conducting the stop during which he received his injury.

Plaintiff next claims that Defendant cannot meet the second prong of the Utica test because he was between six to twelve feet away from his cruiser at all times during the stop.  This contention is meritless.  Plaintiff's requirement that Defendant be "within a few feet of the covered vehicle" does not square with Utica itself, where the Pennsylvania Supreme Court found that, under the circumstances of that case, 97 feet was a reasonably close proximity.  Similarly, in the context of a vehicle stop for a speeding violation, we find that Defendant was in reasonably close proximity to his cruiser.

The third prong of <u>Utica</u> requires that Defendant be "vehicle oriented." Our late colleague on this bench, Judge Green, addressed this issue under similar factual circumstances in <u>Property and Casualty Insurance Co. of Hartford v. Caperilla</u>, 2004 WL 1551739 (E.D. Pa. July 9, 2004). In <u>Caperilla</u>, a police officer was struck by a car after leaving his own vehicle and attempting to cross a street in order to provide backup assistance for a pedestrian stop. Judge Green found that the officer was still vehicle oriented at the time of the accident, noting:

> [The officer] clearly intended to return to his patrol car at the conclusion of providing backup, as evidenced by the fact that he left the patrol car running in the travel lane with the emergency flashers on. In his capacity as a police officer, Defendant was required to enter and exit his patrol car frequently in order to carry out his duties. The interjection of the vehicle which struck the Defendant, and caused him to attempt to avoid being struck was insufficient to alter his orientation from vehicle to highway.

<u>Caperilla</u>, 2004 WL 1551739 at *2 (citation omitted). We find Judge Green's analysis to be well-reasoned and manifestly applicable here. One of Defendant's routine duties as a police officer was to conduct vehicle stops, and to do so in his cruiser. When he necessarily exited his cruiser to obtain the offending driver's information, the record reflects that Defendant intended to return to review that information, run the

6

necessary background checks and prepare the required paperwork. Clearly, he remained vehicle oriented within the meaning of the preceding case law.  The unexpected backwards movement of the Agye vehicle and Defendant's attempt to stop its progress into his cruiser did not serve to change that orientation.

Police cruisers are regularly used to monitor the roads for speeding violations and to stop offending vehicles.  These vehicle stops are transactions essential to the use of a police cruiser, and easily distinguished from the Good Samaritan cases cited by Plaintiff.  Further, the Third Circuit has held that the professional duties of a driver provide reasonable notice to an insurance company as to how the insured vehicle will be used. See Lynn v. Westport Insurance Corp., 2007 WL 4351428 (3d Cir. Dec. 12, 2007) at *3.  Presumably, then, Plaintiff knew that the police vehicles it was insuring would be used for precisely this sort of transaction engaged in by Defendant.  For these reasons, we find that Defendant has satisfied the fourth prong of Utica.

The Utica court favored a liberal interpretation of "occupying" because it is most consistent with Pennsylvania's Uninsured Motorist Act, which was intended to protect "'persons who while lawfully *using* the highways themselves suffer grave injuries through the negligent use of those highways by others.'" Utica, 473 A.2d at 1009 (emphasis in original) (quoting Pattani

v. Keystone Ins. Co., 231 A.2d 402, 404 (Pa. 1967)).  In light of this stated policy, and after applying the four-pronged test of Utica, we find that leaving his police cruiser was merely incident to the vehicle stop and part and parcel of Defendant's routine duty as a police officer.  He therefore remained an occupant of the vehicle as defined by the insurance policy.  For these reasons, we conclude that plaintiff's summary judgment motion is properly denied and that the defendant's cross-motion seeking the same relief is properly granted.  An appropriate order follows.

```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ST. PAUL FIRE & MARINE        :
INSURANCE CO.,                :       CIVIL ACTION
                              :
        Plaintiff,            :       06-CV-04565
                              :
    v.                        :
                              :
JAMES P. RHEIN,               :
                              :
        Defendant.            :
```

**ORDER**

AND NOW, this  28th  day of July, 2008, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 15) and Defendant's Cross-Motion for Summary Judgment (Doc. No. 16), it is hereby ORDERED that Plaintiff's motion is DENIED, Defendant's Motion is GRANTED and it is hereby DECLARED that Defendant, James P. Rhein, is a "protected" person under St. Paul Fire & Marine Insurance Company Policy No. GP09305224.

                                      BY THE COURT:


                                      s/J. Curtis Joyner
                                      J. CURTIS JOYNER,         J.